Filed 9/15/16  P. v. Clark CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B267496 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA060836) |
| v. | |
| ANDREW RICHARD CLARK, | |
| Defendant and Appellant. | |

THE COURT:[*]

Andrew Richard Clark (defendant) appeals from a judgment of conviction and sentence imposed after he entered no contest pleas to multiple charges.

The victim asserted that defendant entered her apartment in the middle of the night, placed a knife with a serrated blade to her throat, and told her to be quiet or he would kill her and her children.  A struggle ensued, during which the victim lost consciousness.  DNA gathered on swabs of the victim's body matched defendant.[1]

Defendant was charged with the following counts:  (1) count 1, assault with the intent to

---

[*]     BOREN, P. J.,     ASHMANN-GERST, J.,     HOFFSTADT, J.

[1]     Because defendant accepted a plea deal, the background facts are taken from the probation officer's report.

commit a felony during the commission of a burglary (Pen. Code, § 220, subd. (b));[2] (2) count 2, attempted murder (§§ 187, subd. (a) & 664); (3) count 3, criminal threats (§ 422, subd. (a)); (4) count 4, assault by means of force likely to cause great bodily injury (§ 245, subd. (a)(4)); (5) count 5, burglary (§ 459); and (6) count 6, assault with a deadly weapon (§ 245, subd. (a)(1)). The information further alleged great bodily injury enhancements (§ 12022.7, subd. (a)); and that defendant's convictions for robbery in 1998 and attempted criminal threats in 2002 constituted "strikes" under our "Three Strikes" law (§§ 667, subds. (b)-(i) & 1170.12, subds. (a)-(d)), prior "serious" or "violent" felonies (§ 667, subd. (a)(1)), and prior prison terms (§ 667.5, subd. (b)). Defendant also suffered a 2006 conviction for possession of marijuana for sale (Health & Saf. Code, § 11360, subd. (a)), which was alleged as an additional prior prison term under section 667.5, subdivision (b).

While represented by counsel, defendant entered into a negotiated disposition. Defendant agreed to plead no contest to count 2 attempted murder with a great bodily injury enhancement, count 5 residential burglary, count 6 misdemeanor assault with a deadly weapon, and an added count 7—assault with the intent to commit rape (§ 220, subd. (a)(1)).[3] In exchange, the People agreed to request a sentence of 32 years, four months calculated as follows: 26 years on count 2 (the upper term of nine years doubled pursuant to the two strikes law, plus three years for the great bodily injury enhancement, plus five years for his prior serious felony conviction), a consecutive term of two years, eight months for count 5 (the midterm of one year, four months doubled), a consecutive term of two years, eight months for count 7 (midterm of one year, four months doubled), and a consecutive one-year term for the misdemeanor count 6. The court confirmed that defendant understood his statutory and constitutional trial rights which he agreed to waive by resolving his case through a plea bargain. Defense counsel stipulated to a

[2]    All further statutory references are to the Penal Code unless otherwise indicated.

[3]    Defendant also admitted his 2002 prior conviction for attempted criminal threats constituted a strike and a serious felony.

2

factual basis for the plea based on the contents of the police reports, and the court accepted the pleas and admissions.

Defendant subsequently moved to withdraw his plea, claiming that he did not want to go forward because he "had a lot on [his] mind" at the time he agreed to the plea. The trial court explained to defendant that there was no "buyer's remorse" when it comes to withdrawing a plea, denied the motion, and ultimately sentenced defendant according to the plea bargain.

Defendant timely appealed his sentence, but he did not request a certificate of probable cause to allow him to appeal the denial of his motion to withdraw the no contest plea. Consequently, defendant may only appeal noncertificate issues. (§ 1237.5; Cal. Rules of Court, rule 8.304.)

We appointed counsel to represent defendant in this appeal. After examining the record, counsel filed a brief raising no issues and seeking our independent review of the record, pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738. On May 16, 2016, we advised defendant in writing that he had 30 days to submit any contentions or issues he wished us to consider. Defendant himself asked for, and we granted, an extension of time to file a brief. Defendant never filed a brief.

We have examined the entire record and are satisfied that defendant's attorney has fully complied with her responsibilities and that no arguable issues exist. (*Wende*, *supra*, 25 Cal.3d at p. 441.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

3